AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

United States of America
v.

BRANDON BRADY

*Defendant(s)*

Case No. 1:20-mj-00828

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 16, 2020 in the county of Marion in the Southern District of Indiana, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 21 U.S.C. §§ 841(b)(1)(B)(i)<br>18 U.S.C. § 922(g)(1) | Possession of with the Intent to Distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, and<br>Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

s/ Erik Collins
*Complainant's signature*

Erik Collins, Special Agent/DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by telephone *(reliable electronic means)*

Date: September 18, 2020

City and state: Indianapolis, IN

UNITED STATES DISTRICT COURT
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana
SOUTHERN DISTRICT OF INDIANA

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Erik Collins, being duly sworn under oath, state as follows:

### Affiant Background and Purpose of Affidavit

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am qualified as a federal officer as defined in Title 18, United States Code, 2510(7). I have been employed by the Drug Enforcement Administration (DEA) since 2011. I am currently assigned to the DEA Indianapolis District Office, Indianapolis, Indiana, and have been so assigned since June of 2017.

2. In connection with my official DEA duties, I investigate criminal violations of state and federal controlled substances laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, 846 and 848, as well as Sections 952, 960 and 963. I have received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. I have been involved in various types of electronic surveillance and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and the laundering and concealing of proceeds from drug trafficking, in violation of Title 18, United States Code Sections, 1956 and 1957. I have received training in investigations involving the interception of wire and electronic communications. I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances and their use of telephones and code language to conduct their transactions.

3. This affidavit is submitted in support of a criminal complaint charging Brandon BRADY with Possession of with the Intent to Distribute 100 grams or more of a mixture or

substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B)(i) and Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1).

4. The statements contained in this Affidavit are based in part on my direct involvement in this investigation; on my experience and background as a Special Agent of the DEA; on information provided by and conversations held with other law enforcement officers, including Special Agents/Task Force Officers of the DEA, officers of the Indianapolis Metropolitan Police Department (IMPD), other law enforcement officers, and others described below; and on a review of reports and database records. I have not included each and every fact that has been revealed through the course of this investigation. I have set forth only the facts that sufficient to establish probable cause for the issuance of the Complaint and associated arrest warrant.

**Facts and Circumstances**

5. Brandon BRADY is a white male, born on XX/XX/1988, who resides at the Holiday Inn Express, 5302 Victory Drive, Room 402, Indianapolis, Indiana.

6. On September 16, 2020, Southern District of Indiana, United States Magistrate Judge, Doris L. Pryor authorized search warrants on the following locations related to BRADY: (1) An address on W. Arizona Street, Indianapolis, Indiana, (2) Holiday Inn Express, 5302 Victory Drive, Room 402, Indianapolis, Indiana, and (3) U-Store storage units C6 and D9 located at the 3120 Madison Avenue, Indianapolis, Indiana. The basis for the search warrant was multiple controlled purchases where BRADY sold narcotics to confidential sources, physical surveillance, and cell site data that linked him to these locations in addition to other investigative steps.

7. On September 16, 2020, at approximately 5:20 p.m., BRADY was detained as he exited the Holiday Inn Express at 5302 Victory Drive, Indianapolis. In his hands was a key ring

with multiple keys on it to include the keys to Units C6 and D9 along with multiple other keys. Shortly thereafter, DEA and IMPD executed the search warrants at the aforementioned locations.

8. During the search of the very small basement of the W. Arizona Street address, officers located a locked black Sentry Safe with “3W2” imprinted on the key lock itself. One of the keys located on the aforementioned key ring that was in BRADY’s possession was a Sentry key with “3W2” imprinted on the key that opened the safe. Located inside the safe was approximately 399 grams of an off white substance that field tested positive for heroin, two scales and a box of baggies. Also located in the basement were BRADY’s 2013 tax returns. BRADY’s mother stated BRADY was last at the house on the evening of September 15, 2020, but she was in bed and did not know what he was there for. BRADY’s mother had no knowledge of the safe and stated that BRADY keeps things down there. It should be noted that through the course of the investigation, investigators have observed BRADY utilize a key to access the front door of the residence. BRADY has been tracked to the residence on a regular basis via court authorized cellular phone location data and a tracker on his black Chevy Camaro. In addition, BRADY obtained narcotics from the basement of that residence during controlled purchases.

9. During the search of BRADY’s Holiday Inn Express hotel room, officers located a scale with white residue, a small amount of white powder on a tray, a small amount of marijuana, a bottle labeled “Lactose”, and numerous small baggies that are often utilized to package narcotics for further distribution. In addition, BRADY sold narcotics to a confidential source during a controlled purchase immediately after leaving that hotel room. Based on my training and experience, the amount of heroin and items located (to include a cutting agent, baggies, and scales) are consistent distribution rather than personal use.

10. On Unit C6 at the U-Store location officers located two separate padlocks. The keys

to open these padlocks were located on the aforementioned key ring that was in BRADY's possession. Inside the unit was a black union safe that also was opened with a key that was on the aforementioned key ring. Inside the safe were the following two firearms: (1) a Smith & Wesson 9mm handgun bearing serial number HWH8627 with a magazine and five live rounds of ammunition and (2) a Smith & Wesson 9mm handgun bearing serial number HMS4581 with a magazine and eight live rounds of ammunition. Additionally, inside the unit was a Colt Defense 5.56 M4 Carbine Rifle bearing serial number LE475365 with a magazine and a clear folder with miscellaneous paperwork with BRADY's name on it (to include traffic tickets, Holiday Inn Express receipts, and U-Store receipts). The storage unit was registered to BRADY and cell site data showed him in the area of the unit on numerous occasions.

11. On September 17, 2020, your Affiant interviewed Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agent Todd Bevington, a firearms Interstate Nexus Expert for ATF, regarding the firearms involved in this investigation. Based on Agent Bevington's experience, training, and research, all three aforementioned firearms are firearms as defined in Title 18, United States Code, Section 921(a)(3). Additionally, they were not produced in the state of Indiana and traveled in interstate commerce.

12. A preliminary check of BRADY's criminal record by law enforcement showed he has the following felony convictions: Escape under Marion County Cause #49G24-1805-F6-015032 on or about August 18, 2018 and Carrying a Handgun without a License under Marion County Cause #49G20-1706-F5-022768 on or about May 7, 2018. The above-described investigation took place within the Southern District of Indiana, Indianapolis Division.

**Conclusion and Request**

13. Based upon my training and experience and the facts set forth herein, I respectfully submit that there is probable cause to believe that, on September 16, 2020, in Indianapolis, Indiana, Brandon BRADY committed the offense of Possession of with the Intent to Distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841 (b)(1)(B)(i) and Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1). Accordingly, I request the Court issue a criminal complaint charging BRADY with these offenses and issue a warrant for his arrest.

s/ Erik Collins___________
Special Agent
Drug Enforcement Administration

Subscribed and sworn to me, pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), by reliable electronic means.

Date: 9/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana